# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| JESUS ROMAN, § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-08-2185 |
| § | | |
| ATRIUM COMPANIES INC. and § | | |
| CHAMPION WINDOW, L.P., § | | |
|     Defendants. § | | |

## MEMORANDUM AND ORDER

This employment case is before the Court on the Motion for Summary Judgment ("Motion") [Doc. # 22] filed by Defendants Atrium Companies Inc. ("Atrium") and Champion Window, L.P. ("Champion"). Plaintiff Jesus Roman filed a Response [Doc. # 24] in opposition to the Motion, Defendants filed a Reply [Doc. # 32], and Plaintiff filed a Surreply [Doc. # 38].[1] Having reviewed the record and applied governing legal authorities, the Court **grants** the Motion.

---

[1] Defendants also filed a Motion to Strike Plaintiff's Summary Judgment Evidence ("Motion to Strike") [Doc. # 34]. Because the Court has not considered any improper evidence in ruling on the Motion for Summary Judgment, the Motion to Strike is **denied as moot**.

## I.     BACKGROUND

Although not alleged in the Amended Complaint, it is conceded that Plaintiff is of Mexican national origin.  He was employed by Champion[2] as the Shipping and Receiving Manager, responsible for Champion's inventory of windows and for shipping Champion windows to distribution centers.

In March 29, 2007, Champion was informed by Claudio Mares, a long-time client, that he paid Plaintiff $500.00 cash for Champion windows valued at $1,825.53.  Indeed, the client informed Champion that he had purchased windows from Plaintiff for cash at least three other times.

Champion filed a police report based on the information provided by Mares.  Harris County Constable Officer Henry Spencer conducted an investigation.  On April 5, 2007, Spencer informed Champion that his investigation revealed that Plaintiff was selling windows that he had stolen from Champion.  At that point, Champion terminated Plaintiff's employment for theft of company property.

Plaintiff applied for unemployment benefits, and Champion opposed Plaintiff's application.  On May 25, 2007, the Texas Workforce Commission determined that Plaintiff was not qualified for unemployment benefits.

---

[2]   Champion is a wholly-owned subsidiary of Atrium.  Plaintiff also named Atrium as a Defendant in this case, but the uncontroverted evidence establishes that Atrium was not Plaintiff's employer.

On May 29, 2007, a grand jury indicted Plaintiff for theft of property.  After several continuances of the trial, the case was dismissed when a witness failed to appear for trial.

On December 26, 2007, Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC"), claiming that Champion terminated his employment because of his national origin and retaliated against him by objecting to his claim for unemployment benefits.  The EEOC dismissed Plaintiff's charge and issued a Notice of Right to Sue.

Plaintiff filed this lawsuit on July 10, 2008, and filed an Amended Complaint [Doc. # 15] on November 26, 2008.  In the Amended Complaint, Plaintiff asserts a claim under Title VII for race, color and national origin discrimination, and a retaliation claim based on the termination of his employment "due to Plaintiff exercising his rights by law to claim unemployment benefits . . .."  *See* Amended Complaint, ¶ 15.  Plaintiff also asserted a state law claim for malicious prosecution.

After an adequate time for discovery, Defendants filed their Motion for Summary Judgment.  Defendants argue that there is no genuine issue of material fact and they are entitled to summary judgment on Plaintiff's claims.  The Motion has been fully briefed and ripe for decision.

## II.     STANDARD FOR SUMMARY JUDGMENT

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *see also Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.,* 289 F.3d 373, 375 (5th Cir. 2002).  Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  FED. R. CIV. P.  56(c); *Celotex Corp.*, 477 U.S. at 322–23; *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008).

For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact."  *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005).  The moving party may meet its burden by pointing out "'the absence of evidence supporting the nonmoving party's case.'"  *Duffy v. Leading Edge Products, Inc.*, 44

F.3d 308, 312 (5th Cir. 1995) (quoting *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 913 (5th Cir. 1992)).

If the moving party meets its initial burden, the non-movant must designate specific evidence showing that there is a genuine issue of material fact for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (internal citation omitted). "An issue is material if its resolution could affect the outcome of the action. A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party" *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (internal citations omitted).

In deciding whether a genuine and material fact issue has been created, the facts and inferences to be drawn from them must be reviewed in the light most favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). The non-movant's burden is not met by mere reliance on the allegations or denials in the non-movant's pleadings. *See Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002). Likewise, "conclusory allegations" or "unsubstantiated assertions" do not meet the non-movant's burden. *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008). Instead, the nonmoving party must present specific facts which show "the existence of a genuine issue concerning every essential

component of its case." *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 343 F.3d 401, 405 (5th Cir. 2003) (citation and internal quotation marks omitted). In the absence of any proof, the court will not assume that the non-movant could or would prove the necessary facts. *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

Affidavits cannot preclude summary judgment unless they contain competent and otherwise admissible evidence. *See* FED. R. CIV. P. 56(e); *Love v. Nat'l Medical Enterprises*, 230 F.3d 765, 776 (5th Cir. 2000); *Hunter-Reed v. City of Houston*, 244 F. Supp. 2d 733, 745 (S.D. Tex. 2003). A party's self-serving and unsupported statement in an affidavit will not defeat summary judgment where the evidence in the record is to the contrary. *See In re Hinsely*, 201 F.3d 638, 643 (5th Cir. 2000).

## III. TITLE VII DISCRIMINATION CLAIM

Plaintiff alleges that Champion's decision to terminate his employment was the result of discrimination on the basis of Plaintiff's race, color, and national origin. To establish a *prima facie* case of discrimination under Title VII in a discipline case, a plaintiff must demonstrate (1) that he is a member of a protected class, (2) that he was qualified for the position at issue, (3) that he suffered an adverse employment action, and (4) that, under nearly identical circumstances, he was treated less favorably than similarly situated employees who were not members of the protected class. *See Lee*

*v. Kansas City Southern Ry. Co.*, 574 F.3d 253, 259 (5th Cir. 2009). To satisfy the fourth element of a *prima facie* case, the "plaintiff's conduct that drew the adverse employment decision must have been 'nearly identical' to that of the proffered comparator who allegedly drew dissimilar employment decisions." *Id.* at 260.

In this case, it is undisputed that Plaintiff is a member of a protected class and that he suffered an adverse employment action. Plaintiff has failed to present evidence, however, of any similarly situated non-Mexican employee who was treated differently under "nearly identical circumstances." Plaintiff alleges that Defendants did not discharge a non-Mexican employee who was accused of engaging in sexual harassment and a non-Mexican employee who suffered from alcohol and drug addiction. Neither of these alleged comparators, however, was charged – following an independent investigation by law enforcement – with stealing property from the company. Their alleged conduct is substantially dissimilar from that of Plaintiff and, as a result, Plaintiff has not presented evidence to establish a *prima facie* case of discrimination on the basis of race, color, or national origin. Defendants are entitled to summary judgment on the Title VII discrimination claim.

Even if Plaintiff had presented evidence to establish a *prima facie* case, Champion has offered a non-discriminatory explanation for its decision to terminate Plaintiff's employment. Specifically, Champion has articulated and presented

evidence that it believed Plaintiff was stealing Champion windows and selling them for cash. Defendants have presented evidence that their belief that Plaintiff was stealing company property was reasonable, based on the statements of a long-time customer and on the results of an independent police investigation.[3] Defendants have provided a legitimate nondiscriminatory explanation for the decision to terminate Plaintiff's employment and, therefore, the burden shifts back to Plaintiff to demonstrate that Champion's explanation is merely a pretext for discrimination. *See id.*

Plaintiff has failed to present evidence of pretext. Plaintiff claims that he is innocent of the theft charge, but he has not presented evidence that contradicts Defendants' evidence that they decided to terminate Plaintiff's employment because they *reasonably believed* that he was engaged in the theft of company property. Plaintiff also alleges that, "prior to [his] discharge, two Hispanic employees were terminated and replaced with white employees." *See* Plaintiff's Response [Doc. # 24], p. 15. This anecdotal allegation contains no factual detail or evidentiary support regarding the circumstances of the alleged discharge of the two Hispanic employees.

---

[3] Defendants have also presented evidence that a grand jury returned an indictment against Plaintiff for theft of property. Although this evidence supports the reasonableness of Defendants' belief that Plaintiff was stealing company property, the grand jury indictment was returned after Defendants terminated Plaintiff's employment and is, therefore, not argued as a basis for the discharge.

Additionally, Plaintiff provides no evidence regarding when during the twenty years he worked for Champion the two Hispanic employees were allegedly discharged. Plaintiff has failed to present evidence to raise a genuine issue of material fact on the issue of pretext and, as a result, Defendants are entitled to summary judgment on the Title VII discrimination claim on this basis also.

## IV.   **RETALIATION CLAIM**

Plaintiff alleges that Defendants retaliated against him in violation of Title VII. To establish a *prima facie* case for retaliation under Title VII, a plaintiff must present evidence that (1) he engaged in a protected activity; (2) he suffered an adverse employment action; and (3) there is a causal link between the protected activity and adverse employment action. *See Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 348 (5th Cir. 2007).

An employee engages in protected activity by either (1) opposing any unlawful employment practice under Title VII; or (2) filing a charge of discrimination or otherwise participating in any manner in a Title VII matter. *See Baker v. American Airlines, Inc.*, 430 F.3d 750, 755 (5th Cir. 2005), 42 U.S.C. § 2000e-3(a). Plaintiff's filing a request for unemployment benefits does not fall within the statutory definition of protected activity under Title VII. His reliance on *Williams v. W.D. Sports, N.M., Inc.*, 497 F.3d 1079 (10th Cir. 2007), is misplaced. In *Williams*, it was undisputed that

the plaintiff engaged in protected activity under Title VII. The issue in *Williams* was whether suspending the plaintiff's unemployment benefits constituted an adverse employment action. *See id.* at 1087. Plaintiff's reliance on the cases from Iowa and Illinois is similarly misplaced because those two cases relate to claims of retaliation under state unemployment benefits statutes, not to a retaliation claim under Title VII.[4] Because Plaintiff has failed to allege or present evidence that he engaged in activity protected under Title VII, Defendants are entitled to summary judgment on Plaintiff's retaliation claim.

## V.   MALICIOUS PROSECUTION CLAIM

Plaintiff alleges that Defendants procured a malicious criminal prosecution against him and that he was injured as a result. To prevail on a malicious criminal prosecution claim under Texas law, a plaintiff must establish (1) the commencement of a criminal prosecution against him, (2) that the defendant caused the criminal prosecution, (3) termination of the criminal prosecution in the plaintiff's favor, (4) the plaintiff's innocence, (5) the absence of probable cause for the proceedings, (6) malice in filing the charge, and (7) damage to the plaintiff resulting from the criminal

---

[4]   To the extent Plaintiff may be attempting to assert a state law retaliation claim based on filing a request for unemployment benefits, the claim fails because the Texas Unemployment Compensation Act does not provide a cause of action for retaliation. *See* TEX. LAB. CODE § 201.001, *et seq.*

prosecution.  *See Graber v. Fuqua*, 279 S.W.3d 608, 622 n.1 (Tex. 2009) (citing *Kroger Tex. Ltd. P'ship v. Suberu*, 216 S.W.3d 788, 792 n.3 (Tex. 2006)).

In this case, the Harris County law enforcement officer conducted an independent investigation of the stolen windows incident and reported his conclusions to the Harris County District Attorney's Office.  The District Attorney's Office presented the case to a grand jury, which returned an indictment against Plaintiff.  In order to establish the second element – that the defendant caused the criminal prosecution – where, as here, the decision to prosecute was made by some person(s) other than the defendant, "proof that a complainant has knowingly furnished false information is *necessary* for liability."  *See King v. Graham*, 126 S.W.3d 75, 76 (Tex. 2003) (emphasis in original).  Additionally, "there must be proof that the prosecutor acted based on the false information and that but for such false information the decision [to prosecute] would not have been made."  *Id.*

Plaintiff has failed to present evidence to raise a genuine issue of material fact regarding the second element of his malicious prosecution claim.  Although Plaintiff maintains that he did not steal Champion's property, he has not presented evidence that Champion **knowingly** presented false information to Harris County law enforcement, Harris County prosecutors, or the Harris County grand jury.  Plaintiff relies on a brief portion of the deposition testimony of Claudio Mares, the customer

who received the stolen windows. Mares, however, testified only that he did not *initially* tell Champion that Plaintiff sold him the windows, but further testified that he ultimately reported to the policeman that Plaintiff sold them. *See* Mares Depo., Exh. 14 to Plaintiff's Response, p. 17. The Affidavit of Henry Spencer, Exh. 4 to Plaintiff's Response, similarly reflects that Mares stated to the officer that he bought the windows from Plaintiff for $500.00 cash. Plaintiff has failed to present evidence that Mares was lying about buying the windows from Plaintiff or that, if Mares was lying, Defendants knew it and knowingly presented that false evidence to the law enforcement authorities. As a result, Defendants are entitled to summary judgment on Plaintiff's malicious prosecution claim.

## VI.   CONCLUSION AND ORDER

Plaintiff has failed to raise a genuine issue of material fact in support of the claims in the Amended Complaint. Accordingly, it is hereby

**ORDERED** that Defendants' Motion for Summary Judgment [Doc. # 22] is **GRANTED** and this case is **DISMISSED WITH PREJUDICE**. The Court will issue a separate final judgment.

SIGNED at Houston, Texas, this **20th** day of **November, 2009**.

Nancy F. Atlas
United States District Judge

P:\ORDERS\11-2008\2185MSJ.wpd    091120.1547